IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | |
|---|---|
| PENTAIR WATER POOL AND SPA, INC. and DANFOSS DRIVES A/S,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>HAYWARD INDUSTRIES, INC., and HAYWARD POOL PRODUCTS, INC.<br><br>　　　　Defendants. | CIVIL ACTION NO.:5:11-CV-459<br><br>**(JURY TRIAL DEMANDED)** |

## COMPLAINT

Plaintiffs, Pentair Water Pool and Spa, Inc. ("Pentair") and Danfoss Drives A/S ("Danfoss") (collectively "Plaintiffs") file their Complaint against Defendants Hayward Industries, Inc. and Hayward Pool Products, Inc. (collectively "Hayward") and aver as follows:

## PARTIES

1.　　Pentair is a corporation duly organized and existing under the laws of the State of Delaware and having a principal place of business at 1620 Hawkins Avenue, Sanford, North Carolina. Pentair designs, manufactures, markets and sells swimming pool and spa equipment and accessories, including variable speed high performance pumps, at its Sanford, North Carolina facility and sells such products in this judicial district and across the United States and throughout various parts of the world.

2.　　Danfoss is a company duly organized and existing under the laws of Denmark, and has a principal place of business at Ulsnaes 1, DK-6300, Graasten, Denmark. Danfoss designs, manufactures, markets and sells electric motors, motor drives, electronic motor controls,

frequency converters, accessories for electronic control of AC motors and other electrical equipment, including components in Pentair products sold in this judicial district and across the United States and throughout various parts of the world. Danfoss Low Power Drives is a division of Danfoss Drives A/S.

3. On information and belief, Hayward Industries, Inc. is a corporation organized and existing under the laws of the State of New Jersey, having its principal place of business at 620 Division Street, Elizabeth, New Jersey.

4. On information and belief, Hayward Pool Products, Inc. is a subsidiary and/or division of Hayward Industries, Inc., and has its principal place of business at 620 Division Street, Elizabeth, New Jersey. *See* Exhibit A (Excerpt of D&B Report, and [http://www.haywardindustries.com/webapp/wcs/stores/servlet/HaywardIndustriesInfo_10201_10054_-1_divisions](http://www.haywardindustries.com/webapp/wcs/stores/servlet/HaywardIndustriesInfo_10201_10054_-1_divisions)).

5. Hayward manufactures, markets and sells variable speed pumps for pool and spa applications that compete with the variable speed high performance pumps manufactured, marketed and sold by Pentair and are the subject of this action.

## JURISDICTION AND VENUE

6. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 1 *et seq*. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

7. On information and belief, Hayward manufactures, markets and sells the accused pumps across the United States, and in this judicial district, including EcoStar pump products, through at least one dealership located in Raleigh, North Carolina. Hayward has widespread and continuous commercial contacts, such as marketing and selling its line of pool products, in this judicial district, including through the dealership in Raleigh, North Carolina.

8. Venue is proper in this district under 28 U.S.C. §§ 1400(b), 1391(b) and 1391(c).

## THE PLAINTIFFS' PATENTS

9. On December 21, 2010, the United States Patent and Trademark Office ("USPTO") duly and legally issued United States Patent No. 7,854,597 entitled PUMPING SYSTEM WITH TWO WAY COMMUNICATION ("the '597 Patent"). A true and correct copy of the '597 Patent is attached hereto as Exhibit B.

10. Plaintiffs are the joint owners of the entire right, title and interest in and to the '597 Patent, by virtue of assignment agreements from the inventors.

11. The '597 Patent is entitled by statute to a presumption of validity pursuant to 35 U.S.C. § 282.

12. On October 19, 2010, the USPTO duly and legally issued United States Patent No. 7,815,420 entitled PUMP CONTROLLER SYSTEM AND METHOD ("the '420 Patent"). A true and correct copy of the '420 Patent is attached hereto as Exhibit C.

13. By virtue of assignment agreements, Pentair is the owner of the entire right, title and interest in and to the '420 Patent.

14. The '420 Patent is entitled by statute to a presumption of validity pursuant to 35 U.S.C. § 282.

15. On December 28, 2010, the USPTO duly and legally issued United States Patent No. 7,857,600 entitled PUMP CONTROLLER SYSTEM AND METHOD ("the '600 Patent"). A true and correct copy of the '600 Patent is attached hereto as Exhibit D.

16. By virtue of assignment agreements, Pentair is the owner of the entire right, title and interest in and to the '600 Patent.

17. The '600 Patent is entitled by statute to a presumption of validity pursuant to 35 U.S.C. § 282.

18. On March 30, 2010, the USPTO duly and legally issued United States Patent No. 7,686,587 entitled PUMP CONTROLLER SYSTEM AND METHOD ("the '587 Patent"). A true and correct copy of the '587 Patent is attached hereto as Exhibit E.

19. By virtue of assignment agreements, Pentair is the owner of the entire right, title and interest in and to the '587 Patent.

20. The '587 Patent is entitled by statute to a presumption of validity pursuant to 35 U.S.C. § 282.

21. On information and belief, Hayward makes, uses, offers for sale and sells variable speed pumps, including, but not limited to its EcoStar pumps, which embody and/or contain variable speed pump technology encompassed by the above four patents. Selected pages from Hayward's website relating to the infringing pump products are attached as Exhibit F: (http://www.hayward-pool.com/prd/In-Ground-Pool-Energy-Solutions-EcoStar-_10201_10551_21501_-1_14002__I.htm).

22. On information and belief, Hayward makes, uses, offers for sale and plans to sell variable speed pumps, including, but not limited to its EcoStar SVRS pumps, which also embody and/or contain variable speed pump technology encompassed by the above four patents. Selected pages from Hayward's website relating to the infringing pump products are attached as Exhibit G: (http://www.hayward-pool.com/prd/In-Ground-Pool-Pumps-EcoStar-SVRS_10201_10551_21502_-1_14002__I.htm).

23. On information and belief, Hayward makes, uses, offers for sale and sells controllers for variable speed pumps, including, but not limited to Pro Logic controllers, which in combination with Hayward variable speed pumps, embody and/or contain technology encompassed by the above four patents. Selected pages from Hayward's website relating to the

infringing products are attached as Exhibit H: (http://www.hayward-pool.com/prd/In-Ground-Pool-Premium-Automation-Pro-Logic-_10201_10551_17501_-1_17015_14007_I.htm).

## COUNT I
**(Infringement of the '597 Patent)**

24. Plaintiffs Pentair and Danfoss incorporate by reference Paragraphs 1-23 of this Complaint as though fully set forth herein.

25. Hayward has infringed and continues to infringe the '597 Patent by, *inter alia*, making, using, selling and/or offering to sell, in the United States, variable speed pumps and controllers, including, but not limited to, EcoStar pumps, EcoStar SVRS pumps and Pro Logic controllers, and by contributing to infringement and actively inducing others to infringe the '597 Patent, in violation of 35 U.S.C. §§ 271(a), (b) and (c).

26. On information and belief, Hayward was aware of the existence of the '597 Patent, and was aware that the marketing, manufacturing, use, offer for sale and sale of Hayward variable speed pumps and Pro Logic controllers would constitute infringement thereof.

27. On information and belief, Hayward has acted with willful disregard of Plaintiffs' patent rights and has willfully and deliberately infringed the '597 Patent.

28. Hayward will continue to infringe the '597 Patent unless preliminarily and permanently enjoined by this Court.

29. In view of Hayward's wanton and reckless infringement, for which there is no adequate remedy at law, Plaintiffs will suffer irreparable harm unless Hayward is preliminarily and permanently enjoined from committing further acts of infringement.

30. As a result of Hayward's infringement of the '597 Patent, Plaintiffs have been and continue to be damaged in an amount yet to be determined.

31. This case is exceptional, and Plaintiffs should be granted an award of their

reasonable attorneys' fees under 35 U.S.C. § 285.

## COUNT II
### (Infringement of the '420 Patent)

32. Plaintiff Pentair incorporates by reference Paragraphs 1-31 of this Complaint as though fully set forth herein.

33. Hayward has infringed and continues to infringe the '420 Patent by, *inter alia*, making, using, selling and/or offering to sell, in the United States, variable speed pump products including, but not limited to, EcoStar pumps and EcoStar SVRS pumps, and by contributing to infringement and actively inducing others to infringe the '420 Patent, in violation of 35 U.S.C. § 271(a), (b) and (c).

34. On information and belief, Hayward was aware of the existence of the '420 Patent, and was aware that the marketing, manufacturing, use, offer for sale and sale of Hayward variable speed pumps would constitute infringement thereof.

35. On information and belief, Hayward has acted with willful disregard of Pentair's patent rights and has willfully and deliberately infringed the '420 Patent.

36. Hayward will continue to infringe the '420 Patent unless preliminarily and permanently enjoined by this Court.

37. In view of Hayward's wanton and reckless infringement, for which there is no adequate remedy at law, Pentair will suffer irreparable harm unless Hayward is preliminarily and permanently enjoined from committing further acts of infringement.

38. As a result of Hayward's infringement of the '420 Patent, Pentair has been and continues to be damaged in an amount yet to be determined.

39. This case is exceptional, and Pentair should be granted an award of its reasonable attorneys' fees under 35 U.S.C. § 285.

# COUNT III
## (Infringement of the '600 Patent)

40. Plaintiff Pentair incorporates by reference Paragraphs 1-39 of this Complaint as though fully set forth herein.

41. Hayward has infringed and continues to infringe the '600 Patent by, *inter alia*, making, using, selling and/or offering to sell, in the United States, variable speed pump products including, but not limited to, EcoStar pumps and EcoStar SVRS pumps, and by contributing to infringement and actively inducing others to infringe the '600 Patent, in violation of 35 U.S.C. § 271(a), (b) and (c).

42. On information and belief, Hayward was aware of the existence of the '600 Patent, and was aware that the marketing, manufacturing, use, offer for sale and sale of Hayward variable speed pumps would constitute infringement thereof.

43. On information and belief, Hayward has acted with willful disregard of Pentair's patent rights and has willfully and deliberately infringed the '600 Patent.

44. Hayward will continue to infringe the '600 Patent unless preliminarily and permanently enjoined by this Court.

45. In view of Hayward's wanton and reckless infringement, for which there is no adequate remedy at law, Pentair will suffer irreparable harm unless Hayward is preliminarily and permanently enjoined from committing further acts of infringement.

46. As a result of Hayward's infringement of the '600 Patent, Pentair has been and continues to be damaged in an amount yet to be determined.

47. This case is exceptional, and Pentair should be granted an award of its reasonable attorneys' fees under 35 U.S.C. § 285.

## COUNT IV
### (Infringement of the '587 Patent)

48. Plaintiff Pentair incorporates by reference Paragraphs 1-47 of this Complaint as though fully set forth herein.

49. Hayward has infringed and continues to infringe the '587 Patent by, *inter alia*, making, using, selling and/or offering to sell, in the United States, variable speed pump products including, but not limited to, EcoStar pumps and EcoStar SVRS pumps, and by contributing to infringement and actively inducing others to infringe the '587 Patent, in violation of 35 U.S.C. § 271(a), (b) and (c).

50. On information and belief, Hayward was aware of the existence of the '587 Patent, and was aware that the marketing, manufacturing, use, offer for sale and sale of Hayward variable speed pumps would constitute infringement thereof.

51. On information and belief, Hayward has acted with willful disregard of Pentair's patent rights and has willfully and deliberately infringed the '587 Patent.

52. Hayward will continue to infringe the '587 Patent unless preliminarily and permanently enjoined by this Court.

53. In view of Hayward's wanton and reckless infringement, for which there is no adequate remedy at law, Pentair will suffer irreparable harm unless Hayward is preliminarily and permanently enjoined from committing further acts of infringement.

54. As a result of Hayward's infringement of the '587 Patent, Pentair has been and continues to be damaged in an amount yet to be determined.

55. This case is exceptional, and Pentair should be granted an award of its reasonable attorneys' fees under 35 U.S.C. § 285.

# PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that this Court grant the following relief:

A. Enter judgment that Hayward infringes the '597, '420, '600 and '587 Patents;

B. Declare that Hayward's infringement of the '597, '420, '600 and '587 Patents has been willful;

C. Award Plaintiffs as appropriate a preliminary and a permanent injunction restraining Hayward, its officers, agents, servants, employees and attorneys, and those persons in active concert or participation with them from further infringement of the '597, '420, '600 and '587 Patents;

D. Award Plaintiffs as appropriate damages from Hayward adequate to compensate its acts of infringement:

E. Award Plaintiffs as appropriate treble damages, pursuant to 35 U.S.C. § 284, based on the willfulness of Hayward's infringement;

F. Declare that this is an exceptional case pursuant to 35 U.S.C. § 285, and award reasonable attorneys fees and taxable costs, particularly in view of the intentional and willful nature of Hayward's patent infringement.

G. Such further relief as this Court deems just and appropriate.

# DEMAND FOR JURY TRIAL

Plaintiffs hereby request a jury trial on all issues.

| Dated: August 31, 2011 | /s/ Melanie Black Dubis |
|---|---|
| | Melanie Black Dubis |
| | North Carolina Bar No. 22027 |
| | PARKER POE ADAMS & BERNSTEIN LLP |
| | 150 Fayetteville Street, Suite 1400 |
| | P.O. Box 389 |
| | Raleigh, North Carolina 27602-0389 |
| | melaniedubis@parkerpoe.com |
| | Telephone: 919.890.4158 |
| | Facsimile: 919.834.4564 |
| | Local Civil Rule 83.1 Counsel |

**Of Counsel:**

Mark Boland
Raja N. Saliba
Brian K. Shelton
Renita S. Rathinam
Artem N. Sokolov
SUGHRUE MION, PLLC
2100 Pennsylvania Ave. NW
Washington, DC 20037
Telephone: (202) 293-7060

John B. Scherling
SUGHRUE MION, PLLC
4250 Executive Square, Suite 900
La Jolla, CA 92037
Telephone: (858) 795-1195

*Attorneys for Plaintiffs Pentair Water*
*Pool and Spa, Inc. and Danfoss Drives A/S*