IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Civil Action No. 5:11-CV-459-F

PENTAIR WATER POOL AND SPA, )
INC. and DANFOSS DRIVES A/S, )
)
   Plaintiffs, )
)
v. )
)
HAYWARD INDUSTRIES, INC. and )
HAYWARD POOL PRODUCTS, INC., )
)
   Defendants. )
)

**MEMORANDUM IN SUPPORT OF MOTION TO STRIKE DEFENDANTS' FIRST AMENDED ANSWER TO PLAINTIFFS' COMPLAINT, AFFIRMATIVE DEFENSES, COUNTERCLAIMS, AND JURY DEMAND OR, IN THE ALTERNATIVE, TO SEVER AND TRANSFER AMENDED COUNTERCLAIM COUNT IX FOR INFRINGEMENT OF THE '804 PATENT**

**TABLE OF CONTENTS**

I. INTRODUCTION ........................................................................................................1

II. PROCEDURAL AND FACTUAL BACKGROUND.......................................................2

III. ARGUMENT................................................................................................................3

    A. The Court Should Strike Hayward's Amended Answer And Counterclaims...................3

    B. In The Alternative, The Court Should Sever Hayward's '804 Counterclaim And Transfer That Severed Action to the Central District of California.................................5

        1. Severance ..............................................................................................................5

        2. Transfer .................................................................................................................8

IV. CONCLUSION............................................................................................................9

# TABLE OF AUTHORITIES

**CASES**

*Canady v. Erbe Elektromedizin GmbH*, 307 F. Supp. 2d 2 (D.D.C. 2004) ................................ 4, 5

*Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1296 (9th Cir. 2000) .......................................... 6, 7

*Coughlin v. Rogers*, 130 F.3d 1348 (9th Cir. 1997) ............................................................... 5, 6, 7

*CVI/Beta Ventures, Inc. v. Custom Optical Frames, Inc.*, 896 F. Supp. 505 (D. Md. 1995) . 5, 6, 7

*Dacar v. Saybolt LP*, 2011 U.S. Dist. LEXIS 6677 (E.D.N.C. January 24, 2011)...................... 8, 9

*Henderson v. AT&T Corp.*, 918 F. Supp. 1059 (S.D. Tex. 1996)................................................ 5, 7

*In re Volkswagen of America, Inc.*, 545 F.3d 304 (5th Cir. 2008)............................................... 8, 9

*Micron Tech., Inc. v. MOSAID Techs., Inc.*, 518 F.3d 897 (Fed. Cir. 2008).............................. 5, 6

*United States ex rel, Mathews v. HealthSouth Corp.*, 332 F.3d 293 (5th Cir. 2003).................. 5, 6

*United States v. O'Neil*, 709 F.2d 361 (5th Cir. 1983) ............................................................ 5, 6, 7

*UPEK, Inc. v. AuthenTec, Inc.*, 2010 U.S. Dist. LEXIS 76807 (N.D. Cal. July 6, 2010) .......... 4, 5

**STATUTES**

28 U.S.C. § 1400(b) ........................................................................................................................ 8

28 U.S.C. §1404(a) ..................................................................................................................... 5, 8

**RULES**

Federal Rules of Civil Procedure Rule 12(f) .............................................................................. 3, 4

Federal Rules of Civil Procedure Rule 15(a)(1) ............................................................................. 4

Federal Rules of Civil Procedure Rule 15(a)(1)(B) ........................................................................ 4

Federal Rules of Civil Procedure Rule 15(a)(2) ............................................................................. 5

Federal Rules of Civil Procedure Rule 20 ...................................................................................... 6

Federal Rules of Civil Procedure Rule 21 ...................................................................................... 5

Plaintiffs Pentair Water Pool and Spa, Inc. ("Pentair") and Danfoss Drives A/S ("Danfoss Drives") (collectively "Plaintiffs") state the following in support of their Motion To Strike Defendants' First Amended Answer To Plaintiffs' Complaint, Affirmative Defenses, Counterclaims, And Jury Demand Or, In The Alternative, To Sever And Transfer Amended Counterclaim Count IX For Infringement Of The '804 Patent, filed by defendants Hayward Industries, Inc. and Hayward Pool Products, Inc. (collectively "Hayward") on November 23, 2011.

## I.    INTRODUCTION

Plaintiffs bring this motion to strike Hayward's November 23, 2011 first amended answer and counterclaims (D.E. 50) containing its new counterclaim against Pentair for infringement of U.S. Patent No. 6,026,804 ("the '804 patent"). Hayward did not file its amended answer and counterclaims timely pursuant to Rule 15(a)(1)(B) of the Federal Rules of Civil Procedure. Hayward should have, but did not, seek a stipulation from Plaintiffs to file the amended pleading and did not seek the permission of the Court prior to filing. Hayward's pleading, therefore, should be stricken. The matter then properly can proceed in the Central District of California, where the bulk of Pentair's witnesses and evidence relating to Pentair's accused products are located and where Pentair has initiated a declaratory judgment action of non-infringement and invalidity with respect to the '804 patent.[1]

Alternatively, even if Hayward had properly filed its amended pleading containing the '804 infringement counterclaim, sound principles of case administration require that the '804 counterclaim be severed from the balance of the case and transferred to the Central District of California. This case and Hayward's '804 counterclaim concern completely different products.

---

[1] A copy of the complaint filed in that action, *Pentair Water Pool and Spa, Inc. v. Hayward Industries, Inc. and Hayward Pool Products, Inc.*, CDCA Case No. 2:11-cv-10280-GW-FMO, is attached as Exhibit A.

The products accused of infringing Plaintiffs' patents in this case are Hayward's swimming pool and spa *pumps and controllers*. Hayward's '804 counterclaim, on the other hand, concerns *heaters* engineered, manufactured and managed by Pentair in California.

The reality is that the present action and Hayward's '804 counterclaim are two completely different cases – with unrelated technology, products and evidence – and should be treated as such. This case should not suffer because Hayward now hopes to expand and delay it with the addition of new, entirely unrelated litigation.

## II. PROCEDURAL AND FACTUAL BACKGROUND

Plaintiffs commenced this patent infringement action for injunctive relief and damages against Hayward on August 31, 2011 (D.E. 1). Plaintiffs immediately provided the complaint to Hayward and requested that Hayward voluntarily withdraw its infringing products. Hayward refused Plaintiffs' request on September 20, 2011, and Plaintiffs formally served Hayward on September 21, 2011. Plaintiffs filed and served their currently pending motion for a preliminary injunction on September 30, 2011 (D.E. 7).

Hayward filed its answer to the complaint and counterclaims on October 12, 2011 (D.E. 32). Then, in its October 12, 14 and 19, 2011 filings (D.E. 33, 37, 39), Hayward sought to significantly delay completion of the discovery and briefing on the preliminary injunction motion. In its October 26, 2011 Order (D.E. 44) following the October 25 telephonic hearing, however, the Court ordered that the discovery and briefing on the preliminary injunction motion be completed by December 30, 2011 – well before the critical January 24-26, 2012 Atlantic City Pool & Spa Show.

Hayward next sought to delay the proceedings through its November 10, 2011 Motion to Conduct Fed. R. 26(f) Conference Following Preliminary Injunction Hearing (D.E. 47). The Court, however, on November 21, 2011 ordered that the parties conduct their Rule 26(f)

2

conference no later than January 6, 2012 and submit a joint proposed discovery plan or their respective plans by January 13, 2012 (D.E. 49).

Hayward's latest gambit to delay this case, including resolution of Plaintiffs' prayer for a permanent injunction, came on November 23, 2011. At that time, without seeking a stipulation from Plaintiffs or permission from the Court, Hayward filed its First Amended Answer to Plaintiffs' Complaint, Affirmative Defenses, Counterclaims, and Jury Demand (D.E. 50) alleging a brand new counterclaim for infringement of the '804 patent, entitled "Heater for Fluids." Hayward's '804 counterclaim alleges infringement of the '804 patent by Pentair's MasterTemp® and Max-E-Therm® heaters (the "'804 Accused Products").

The '804 patent and '804 Accused Products are completely unrelated to the instant lawsuit. The patents and accused products in this case relate to high performance variable speed swimming pool and spa pumps and controllers, not heaters. And, not only is the technology unrelated, but the operative timeframes, facts, percipient witnesses, expert witnesses and other evidence and claims at issue are distinct, with no meaningful overlap with the present case other than that the '804 counterclaim involves two of the three parties to this lawsuit. Pentair's swimming pool pumps, for example, primarily are engineered and manufactured by Pentair in Sanford, North Carolina and Danfoss Drives in Denmark, and managed in Sanford by Pentair; the '804 accused gas-fired heater products, on the other hand, are manufactured in and managed in Pentair's facility in Moorpark, California, where the pertinent engineers and product management team are located. Declaration of Azur Dzindo ("Dzindo Decl.") ¶¶ 2-3.

### III.  ARGUMENT

#### A.  The Court Should Strike Hayward's Amended Answer And Counterclaims.

Rule 12(f) of the Federal Rules of Civil Procedure provides the Court authority to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous

3

matter." Fed. R. Civ. P. 12 (f). In particular, although not explicitly referenced in Rule 12(f), an answer or other pleading filed beyond the time permitted by the Federal Rules may be stricken as untimely if the pleader failed to obtain from the Court an extension of time or leave to file the pleading late. *See Canady v. Erbe Elektromedizin GmbH*, 307 F. Supp. 2d 2, 7-8 (D.D.C. 2004).

The Federal Rules of Civil Procedure provide that prior to trial a party may amend its pleading once as a matter of course within: (A) 21 days following service of the pleading, or (B) if the pleading is one to which a responsive pleading is required (*e.g.*, complaint, counterclaim, cross-claim), within 21 days after service of the responsive pleading. Fed. R. Civ. P. 15(a)(1). After the time for an amendment as a matter of course has expired, a party may amend its answer only with leave of court or the written consent of the opposing party. Fed. R. Civ. P. 15(a)(2).

The Rule 15(a)(1)(B) 21-day allotment after service of a responsive pleading is intended for amendments triggered by, or which in some way logically relate to, the responsive pleading; it is not intended as a catch-all period for omitted counterclaims having nothing to do with the existing case. *See* Adv. Comm. Notes to 2009 Amendments to Fed. R. Civ. P. 15 ("A responsive pleading may point out issues that the original pleader had not considered and persuade the pleader that amendment is wise."). *See also UPEK, Inc. v. AuthenTec, Inc.*, 2010 U.S. Dist. LEXIS 76807, *7-*9 (N.D. Cal. July 6, 2010) (a plaintiff's filing of an amended complaint does not trigger a new period for the defendant to amend as a matter of course counterclaims that are unrelated to the plaintiff's amendment).

Here, Hayward's amended pleading containing the '804 counterclaim was presented outside the specified windows permitted by Rule 15. Without question, Hayward's November 23, 2011 '804 Counterclaim falls outside the 21-day period following its October 12, 2011 Answer and Counterclaims (D.E. 32). Neither can Hayward claim that its '804 counterclaim concerning *heaters* allegedly infringed by Pentair is in response to, arose from or

4

was necessitated by any facts or allegations in Pentair's November 2, 2011 Reply to the Counterclaims (D.E. 45) concerning the swimming pool and spa *pumps and controllers* infringed by Hayward. No basis exits for Hayward to have availed itself of the 21-day allotment following a responsive pleading before coming forward with its '804 counterclaims.

Outside the time for amending as a matter course, Hayward was obligated to obtain consent from Plaintiffs or seek leave of the Court to amend its Counterclaims. Fed. R. Civ. P. 15(a)(2). Having failed to do either, Hayward's '804 Counterclaim was presented in violation of Rule 15 and should be stricken by the Court.[2]

> **B.     In The Alternative, The Court Should Sever Hayward's '804 Counterclaim And Transfer That Severed Action to the Central District of California.**
>
> **1.     Severance**

"On motion or on its own, the Court may . . . sever any claim against any party." Fed. R. Civ. P. 21. Although Rule 21 is entitled "Misjoinder and Nonjoinder of Parties," severance under Rule 21 is not limited to misjoinder of parties. *United States v. O'Neil*, 709 F.2d 361, 369 (5th Cir. 1983); *Henderson v. AT&T Corp.*, 918 F. Supp. 1059, 1061-62 (S.D. Tex. 1996); *CVI/Beta Ventures, Inc. v. Custom Optical Frames, Inc.*, 896 F. Supp. 505, 506 (D. Md. 1995). A Rule 21 severance results in two independent actions with separate judgments. *Coughlin v. Rogers*, 130 F.3d 1348, 1350 (9th Cir. 1997); *O'Neil*, 709 F.2d at 368.

---

[2] Motions to strike are disfavored when they negatively impact the preference for resolution of cases on the merits. *Canady*, 307 F. Supp. 2d at 8. Here, however, the declaratory judgment action filed in the Central District of California ensures that Hayward will have its day in court on its allegation that Pentair infringes the '804 patent. In that regard, absent the requisite leave of Court, Hayward's first amended answer and counterclaims containing the new '804 counterclaim (D.E. 50) is of no legal effect. *United States ex rel, Mathews v. HealthSouth Corp.*, 332 F.3d 293, 296 (5th Cir. 2003). Thus, the Central District of California action is the "first filed" action for resolution of Hayward's '804 infringement claims. Under 28 U.S.C. §1404(a), the forum of the first-filed action generally is favored, whether or not it is a declaratory judgment action. *Micron Tech., Inc. v. MOSAID Techs., Inc.*, 518 F.3d 897, 904-05 (Fed. Cir. 2008). However, the interests of justice and convenience factors may alter that rule. *Micron*, 518 F.3d at 905. Thus, as discussed below, even if Hayward's '804 counterclaim were deemed the "first filed," it more properly is resolved in the Central District of California than in this district.

5

Provided that no substantial right will be prejudiced by a severance, claims or parties may be severed from an action under Rule 21 on the ground that their joinder is not proper, *i.e.*, that the right to relief asserted does not arise out of or relate to the same transaction or occurrence, or that common questions of law or fact do not exist. *See* Fed. R. Civ. P. 20; *Coughlin*, 130 F.3d at 1350; Even where joinder is proper, severance may be ordered to prevent delay or prejudice. *See* Fed. R. Civ. P. 20; *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1296 (9th Cir. 2000).

In *CVI/Beta Ventures*, for example, the defendants in a patent infringement action, like Hayward in this action, filed a counterclaim for patent infringement. The parties' infringement claims against each other involved similar products – flexible eyeglass frames made from nickel titanium alloys – and certain common witnesses would have been involved. Nonetheless, in view of, for example, the parties' respective infringement, validity, enforceability, damages and defense issues, and the need to examine differing accused products, file histories, specifications, inventors and possibly differing expert witnesses, the Court granted the plaintiffs' motion for a Rule 21 severance of the defendants' patent infringement counterclaim. 896 F. Supp. at 506-07. The Court observed that "[s]uch commonality as may exist among the patents is far outweighed by the potential for jury confusion," and severance of the counterclaim "will undoubtedly serve the ends of justice and further the prompt and efficient disposition of the main action." *Id.*

To an even greater extent, the facts here compel severance of the '804 counterclaim. The alleged infringement of the '804 patent by Pentair's accused heaters arises from a wholly separate allegedly enforceable right involving technology and products bearing *no relation* to Hayward's infringement of the swimming pool pump and controller rights, technologies and products presently at issue in this case. Further, the '804 heater patent issued in February 2000, over ten years ago, while Plaintiffs' four pump and controller patents-in-suit all issued between March and December of 2010. In short, the operative timeframes, technologies, inventors,

6

accused products, percipient witnesses, expert witnesses and other evidence and claims and defenses at issue are distinct, do not arise out of or relate to the same transactions or occurrences and do not raise common questions of fact or law beyond those present in any patent case.

Moreover, this case already is relatively complex, involving four patents relating to state-of-the-art variable speed swimming pool and spa pumps and controllers.[3] Adding an unrelated patent dispute raising a host of new factual and legal issues bearing no relation to the present facts or legal issues is prejudicial to Plaintiffs – in particular to Danfoss Drives, which is not even a party to Hayward's '804 counterclaim – and will result only in a substantial risk of confusion and delay in resolution of the existing action. Addressing the '804 counterclaim will require separate fact and expert discovery and claim construction and, as previously stated, the great weight of the evidence and witnesses pertinent to defending the '804 counterclaim are located across the country in California. *See* Dzindo Decl. ¶ 2. Further, the propriety of severance to facilitate transfer to a more appropriate forum – such as the Central District of California in this case – is well-recognized. *Henderson*, 918 F. Supp. at 1064.

Under these circumstances, Hayward's '804 counterclaim should be severed. Separate actions would be in furtherance of convenience to the parties and witnesses, avoid prejudice and delay, be conducive to expedition and economy, simplify the issues for the jury and the Court and reduce the danger of unnecessary jury confusion. Hayward's '804 counterclaim in reality is a separate legal action and should be treated as such.

---

[3] On December 6, 2011 Plaintiffs filed a motion for leave to file a first amended complaint alleging a fifth patent also pertaining to variable speed swimming pool and spa pumps and controllers (D.E. 66). In contrast to Hayward's '804 counterclaim, the operative facts, percipient witnesses, expert witnesses and other evidence and issues with respect to that additional patent will overlap substantially with those pertinent to the patents and products already in the case. *See* D.E. 67 at 3.

## 2. Transfer

Title 28 U.S.C. Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. §1404(a). A motion to transfer venue pursuant to § 1404(a) is a case-specific inquiry in which the Court considers the plaintiff's choice of forum, the more convenient forum for the parties, the more convenient forum for the witnesses, access to relevant evidence, and other factors such as the forum's interest in the litigation and judicial economy. *Dacar v. Saybolt LP*, 2011 U.S. Dist. LEXIS 6677, *6-*25 (E.D.N.C. January 24, 2011); *see In re Volkswagen of America, Inc.*, 545 F.3d 304, 315 (5th Cir. 2008). Here, the pertinent factors plainly establish good cause to transfer Hayward's '804 counterclaim to the Central District of California.

Pentair's swimming pool and spa heater operations are in Moorpark, California, within the Central District of California. Accordingly, no question exists that Hayward could have brought the '804 counterclaim there pursuant to 28 U.S.C. § 1400(b). In fact, as noted above, Pentair now has commenced a declaratory judgment action for non-infringement and invalidity in the Central District of California.

Although Pentair has other operations in North Carolina (*e.g.*, relating to the pump and controller technology and products at issue in its infringement claims against Hayward), Pentair's gas-fired heater business is based at its Moorpark, California facilities. Dzindo Decl. ¶¶ 2-3. Pentair's Moorpark facilities employ nearly 400 people, the majority of which have duties in whole or part concerning Pentair's heater business. Most of Pentair's documentation regarding the engineering, development, and management of Pentair's gas-fired heaters, including the MasterTemp® and Max-E-Therm® heaters, is maintained at Pentair's Moorpark facilities. Dzindo Decl. ¶ 2. Hayward is headquartered in New Jersey, has engineering and

manufacturing operations in Pomona, California – within the Central District of California – and sells its products nationwide. *Id.* ¶ 4. Accordingly, with respect to Hayward's '804 counterclaim, the convenience and access to relevant evidence factors weigh strongly in favor of the Central District of California over this district. *See Dacar*, 2011 U.S. Dist. LEXIS 6677 at *13-*21.

Other factors also militate in favor of transfer. For example, in view of the locations of the parties' pertinent operations, the Central District of California and its citizens have a greater interest in the '804 heater dispute than does this district. *See Dacar*, 2011 U.S. Dist. LEXIS 6677 at *22. Further, given the nascent stage of the Hayward's '804 claim, a transfer will not disrupt the litigation or waste judicial resources. *See Dacar*, 2011 U.S. Dist. LEXIS 6677 at *25.

## IV.  CONCLUSION

Hayward's '804 counterclaim does not belong in this lawsuit. It was filed in violation of the Federal Rules of Civil Procedure, it is completely unrelated to the underlying case and it has little if any meaningful connection to this district. Plaintiffs respectfully request the Court strike Hayward's First Amended Answer and Counterclaims containing the '804 counterclaim. In the alternative, Plaintiffs request that the Court sever the '804 counterclaim from the balance of the case and, in the interests of justice and sound case administration, transfer it to the Central District of California.

This 14th day of December 2011.

/s/ Melanie Black Dubis
Melanie Black Dubis
North Carolina Bar No. 22027
PARKER, POE, ADAMS & BERNSTEIN LLP
150 Fayetteville Street, Suite 1400
P.O. Box 389
Raleigh, North Carolina 27602-0389
melaniedubis@parkerpoe.com
Telephone: (919) 890-4158

Facsimile: (919) 834-4564
Local Civil Rule 83.1 Counsel

Mark Boland
Raja N. Saliba
Brian K. Shelton
Renita S. Rathinam
Artem N. Sokolov
SUGHRUE MION, PLLC
2100 Pennsylvania Ave. NW
Washington, DC 20037
Telephone: (202) 293-7060

John B. Scherling
SUGHRUE MION, PLLC
4250 Executive Square, Suite 900
La Jolla, CA 92037
Telephone: (858) 795-1195

*Attorneys for Plaintiffs*
*Pentair Water Pool and Spa, Inc. and Danfoss Drives A/S*

**CERTIFICATE OF SERVICE**

This is to certify that the foregoing MEMORANDUM IN SUPPORT OF MOTION TO STRIKE DEFENDANTS' FIRST AMENDED ANSWER TO PLAINTIFFS' COMPLAINT, AFFIRMATIVE DEFENSES, COUNTERCLAIMS, AND JURY DEMAND OR, IN THE ALTERNATIVE, TO SEVER AND TRANSFER AMENDED COUNTERCLAIM COUNT IX FOR INFRINGEMENT OF THE '804 PATENT were electronically filed with the Clerk of the Court using the CM/ECF system and served by electronic notification of such filing by the CM/EMF system to the following:

> Robert T. Numbers, II
> WOMBLE CARLYLE SANDRIDGE & RICE, LLP
> 150 Fayetteville Street, Suite 2100
> Raleigh, North Carolina 27601
> rnumbers@wcsr.com
> *Local Civil Rule 83.1 Counsel*
>
> Scott S. Christie
> McCARTER & ENGLISH, LLP
> 100 Mulberry Street
> Newark, New Jersey 07102
> SChristie@McCarter.com
>
> Lee C. Bromberg
> McCARTER & ENGLISH, LLP
> 265 Franklin Street
> Boston, Massachusetts 02110
> lbromberg@mccarter.com

This 14th day of December 2011.

    /s/ Melanie Black Dubis
Melanie Black Dubis
N.C. Bar No. 22027
PARKER, POE, ADAMS & BERNSTEIN, LLP
150 Fayetteville Street, Suite 1400
Raleigh, North Carolina 27602-0389
melaniedubis@parkerpoe.com
Telephone: 919-890-4185
Facsimile: 919-834-4564
Local Civil Rule 83.1 Counsel