UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:11-CV-00459-F

| | |
|---|---|
| PENTAIR WATER POOL AND SPA, INC. and DANFOSS DRIVES A/S, ) ) ) Plaintiffs, ) ) v. ) ) HAYWARD INDUSTRIES, INC. and ) HAYWARD POOL PRODUCTS, INC., ) ) Defendants. ) | **ORDER** |

This matter is before the court with regard to the competing discovery plans filed by the parties on January 17, 2012 [DE-111 & 114]. The court notes that the deadline to submit a proposed discovery plan has been extended twice, and yet it appears from the parties' submissions that they ultimately failed to confer on a joint proposal. The court expects counsel going forward to communicate in good faith to facilitate the efficient conduct of this litigation. The discovery plans proposed by the parties have been considered by the court, along with the Local Patent Rules, and the following critical deadlines are hereby **ORDERED**:

1. The parties shall complete Initial Disclosures and file their Proposed Protective Order with the Court no later than **February 8, 2012**.

2. Disclosure of Asserted Claims and Preliminary Infringement Contentions, including Document Production in accordance with Local Patent Rule 303.2, shall be served no later than **February 20, 2012**.

3. Preliminary Non-Infringement and Invalidity Contentions, including Document Production in accordance with Local Patent Rule 303.4, shall be served no later than **April 2, 2012**.

4. The parties shall simultaneously exchange Proposed Terms and Claim Elements for Construction no later than **April 30, 2012**.

5. The parties shall simultaneously exchange Preliminary Claim Constructions and Extrinsic Evidence no later than **May 28, 2012**.

6. The parties shall file a Joint Claim Construction Statement no later than **June 15, 2012**.

7. The parties shall simultaneously file Claim Construction Opening Briefs no later than **July 23, 2012**.

8. The parties shall complete all discovery relating to claim construction no later than **August 23, 2012**.

9. Motions to Amend Pleadings or to Join Parties shall be filed no later than **September 6, 2012**.

10. The parties shall simultaneously file Responsive Claim Construction Briefs no later than **September 6, 2012**.

11. A Claim Construction Hearing will be scheduled subject to the convenience of the Court's calendar.

12. Opinions of Counsel shall be produced, in accordance with Local Patent Rule 303.8, on **November 14, 2012**.

13. All fact discovery shall be concluded no later than **December 14, 2012**.

14. Initial Expert Witness Disclosures on Issues for which the Party Bears the Burden of Proof shall be made no later than **January 14, 2013**.

15. Initial Expert Witness Disclosures on Issues for which the Opposing Party Bears the Burden of Proof shall be made no later than **February 15, 2013**.

16. Rebuttal Expert Witness Disclosures shall be made no later than **March 1, 2013**.

17. Expert Depositions may commence on **March 8, 2013** and shall be completed no later than **April 8, 2013**.

18. The parties shall file dispositive motions no later than **May 8, 2013**.

19. The trial of this matter will be scheduled for Judge Fox's **November 4, 2013** term of court in Wilmington, North Carolina.

A trial calendar indicating the order in which cases will be called for trial will be distributed two months before trial. At the same time, a final pretrial conference will be scheduled approximately two weeks before trial.

In addition to the discovery permitted in the preliminary injunction phase of the case, each party may propound an additional 28 interrogatories and may take an additional 12 depositions.

Supplementation under Rule 26(e) must be made promptly after receipt of the information by the party or counsel but in no event later than the close of discovery. In addition, motions to join additional parties and to amend pleadings must be made promptly after the information giving rise to the motion becomes known to the party or counsel and no later than the date set forth above.

Counsel are reminded that on consent of all of the parties, and with the concurrence of the district judge, this case may be referred to a magistrate judge for jury or bench trial with a peremptory trial setting and with the right of direct appeal to the Fourth Circuit. A copy of the consent form may be obtained from the Clerk.

This case is subject to mandatory mediation, pursuant to Local ADR Rule 101.1a(b). If the parties are able to agree on a mediator, they shall file a statement identifying the selected mediator and meeting the other applicable requirements within 21 days after entry of this Order, in accordance with Local ADR Rule 101.1c(a). If a statement is not timely filed, the Clerk will appoint a mediator from the list of court-certified mediators, in accordance with Local ADR Rule 101.1c(b). The parties are also reminded that on request, this court will assist with settlement negotiations or other ADR such as summary jury trial by making available a judge other than the

trial judge to explore these possibilities.

This 25th day of January, 2012.

						_____
						DAVID W. DANIEL
						United States Magistrate Judge