PENTAIR WATER POOL AND SPA, INC.; )
and DANFOSS DRIVES A/S, )
    Plaintiffs and Counterclaim )
    Defendants, )
     )
v. )     <u>O R D E R</u>
     )
HAYWARD INDUSTRIES, INC.; and )
HAYWARD POOL PRODUCTS, INC., )
    Defendants and Counter- )
    Claimants. )

This matter is before the court on Pentair's Motion to Strike, or, in the Alternative, to Sever and Transfer [DE-72] Hayward's Amended Answer and Counterclaims [DE-50].[1] Specifically, Pentair contends Hayward filed its Amended Answer and Counterclaims [DE-50] in violation of Rule 15(a)(1), Fed. R. Civ. P., impermissibly adding a claim alleging infringement of an unrelated patent. Alternatively, Pentair moves the court to sever the newly-added '804 Patent counterclaim (Claim IX), and to transfer that claim to the Central District of California where Pentair has instituted a declaratory judgment action against Hayward concerning the '804 Patent. Hayward, of course, objects and declares that "Pentair's motion is merely a means of advancing its goal of forcing Hayward to bear the inconvenience and unnecessary expense of fighting Pentair's declaratory judgment action on the '804 Patent in the Central District of California as opposed to where it properly belongs as part of the present litigation before this court." Hayward's Memorandum [DE- 96] p. 10.

---

[1] As a housekeeping matter, the Clerk of Court is DIRECTED to terminate DE-77], which was corrected by [DE-90].

The '804 Patent, purportedly issued twelve years ago, concerns the "structural arrangement of mechanical components for a heater," Pentair's Reply [DE-120] p. 1, of a type that may be used with a swimming pool/spa pumping system, such as the systems that are the subject of this lawsuit. Hayward explains that several elements of claims that are at issue in this litigation mention a "heater," and therefore, Hayward's '804 Patent infringement allegations against Pentair properly should be prosecuted in this case. Of course, if that argument were valid, both parties should be permitted to add allegations against each other concerning infringement of chemical disbursement devices, waterfall/fountain features, automatic pool vacuum devices, lighting features, etc. There are myriad optional attachments and auxiliary devices that may be controlled and operated as add-ons to the variable speed pumps that allegedly are infringed here.[2] However, the court fails to appreciate how the evidence and witnesses concerning structural arrangements for an optional heater are relevant to the issues necessary to decide Pentair's infringement action (and Hayward's corresponding counterclaims seeking declaratory judgment) with regard to the variable speed pumps.

The court concludes that Hayward's construction of Rule 15(a)(1) is correct, and that it was permitted under that Rule, as amended in 2009, to add the '804 counterclaim on the very last day it could do so without consent or leave of court. However, the court recognizes that the literal application of the amended rule to the facts in this case does not further the well-documented objective of the amendment.[3] That is, although Pentair's Response [DE-45] was in

---

[2] *See, e.g.*, '597 Patent, Exh. PX-1 to [DE-8], col. 3, ll. 37-43. "The definition of 'swimming pool' includes, but is not limited to, swimming pools, spas, and whirlpool baths, and further includes features and accessories associated therewith, such as water jets, waterfalls, fountains, pool filtration equipment, chemical treatment equipment, pool vacuums, spillways and the like."

[3] "The right to amend once as a matter of course is no longer terminated by service of a responsive pleading. The responsive pleading may point out issues that the original pleader had not considered and persuade the pleader that amendment is wise." Committee Note accompanying 2009 amendment of Rule 15, Fed. R. Civ. P.

2

the nature of an "answer" to Hayward's counterclaims contained in Hayward's Answer and Counterclaims [DE-32], Pentair's Response did not raise new issues Pentair inadvertently omitted from the Complaint that should have suggested that Hayward would be wise to amend its counterclaims to add another to allege infringement by Pentair of a heater patent. Even Hayward does not contend that the '804 counterclaim could be construed as "compulsive" or otherwise necessary to the adjudication of the variable speed pump litigation properly before the court.

Upon consideration of the parties' arguments, together with its independent research related to amended Rule 15(a)(1), as well as the parties' allegations concerning the nature of the '804 patent and relationship, or lack thereof, to the patents-in-issue here, the court concludes that Pentair's Motion to Strike Hayward's Answer and Counterclaims [DE-45] must be, and hereby is, DENIED. That analysis also results, however, in the conclusion that the '804 heater patent infringement claim Hayward injected into this variable speed pump patent litigation on the last day it could amend without consent or leave, does not belong in this case. Rather, the record supports Pentair's argument that "[n]ot only is the technology of the '804 Patent unrelated [to the issues concerning the patents-in-issue], but involves entirely different operative facts, experts, witnesses, markets, timeframes and geographical location. Thus, adding the '804 patent to this action not only would complicate the logistics for both the parties and the Court, but would present a high risk of incurable jury confusion." For the reasons set forth in Pentair's Memorandum [DE-73] and Reply [DE-120] in support of the instant motion, and in the interests of justice, Pentair's alternative Motion to Sever and to Transfer the '804 Patent Counterclaim contained in [DE-50] is ALLOWED. Hayward will have its opportunity to prosecute the '804 Patent infringement allegations in the Central District of California where litigation already is pending, where the accused products purportedly are manufactured, and where access to "separate fact and expert discovery and claim construction and the great weight of the evidence

3

Case 5:11-cv-00459-F  Document 124  Filed 01/30/12  Page 3 of 4

and witnesses pertinent to defending the '804 [Patent] Counterclaim are located . . . ." Pentair's Reply [DE-120], p. 9.

## SUMMARY and ORDER

Pentair's Motion to Strike or, Alternatively, to Sever and Transfer [DE-72] is DENIED in part and ALLOWED in part. The Motion to Strike Hayward's Amended Answer and Counterclaims [DE-50] is DENIED. However, Pentair's Motion to Sever Claim IX contained in Hayward's Amended Answer and Counterclaims is ALLOWED. It is ORDERED that Claim IX is SEVERED from Hayward's Amended Answer and Counterclaims [DE-50], and the Clerk of Court is DIRECTED to cause Claim IX *only* to be TRANSFERRED to the district court for the Central District of California in which the action styled, *Pentair Water Pool and Spa, Inc. v. Hayward Industries, Inc., and Hayward Pool Products, Inc.*, No. 2:CV-11-10280-GW-FMO, is pending. The Clerk of Court also is DIRECTED to terminate [DE-77], in light of [DE-90].

SO ORDERED.

This, the 30th day of January, 2012.

*James C. Fox*
JAMES C. FOX
Senior United States District Judge