UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:11-CV-459-F

| | |
|---|---|
| PENTAIR WATER POOL AND SPA, INC.; ) <br> and DANFOSS DRIVES A/S, ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> HAYWARD INDUSTRIES, INC.; and ) <br> HAYWARD POOL PRODUCTS, INC., ) <br> Defendants. ) | **ORDER** |

This matter is before the court on the defendants' Motion to Seal Proposed Sealed Motion [DE-165]. The "proposed sealed motion" at issue is the defendants' "Motion to Stay Action Pending Re-Examination of the Asserted Patents by the PTO" [DE-160], and all the exhibits appended thereto. Citing Local Civil Rules 7.1, 79.2, and Section T(1)(a)(1) of the Court's CM/ECF Policy Manual, defendants contend they have complied with all the requirements of the Local Rules and the Policy Manual, and that "opposing counsel" consents to the motion to seal.

The defendants contend sealing the voluminous documents they have filed is required because those documents contain "information concerning the mediation conducted by the parties on May 15, 2012, including a discussion of the particular settlement efforts of the parties, which is confidential information that could be damaging to either party if revealed to the marketplace." Motion to Seal [DE-165], p. 2. They suggest that redaction is inadequate because the court requires the detailed information to understand why mediation efforts have been unavailing and to show defendants have not been dilatory in seeking the instant stay.

The sensitive details that the defendants wish to impart only to the undersigned and to "selected participants" are irrelevant to the propriety of allowing the defendants' Motion to Stay

[DE-160], as are the proposed attachments thereto [DE-161, -162, -163 and -164], containing what appear to be copies of all the materials sent to the United States Patent and Trademark Office in support of defendants' application for reconsideration of the subject patents. The details that the defendants wish to place in the record but shield from view by the public are of no consequence to this court's determination whether a stay of the instant proceedings is appropriate pending the PTO's consideration whether to reconsider the patents themselves.

The defendants' Motion to Seal [DE-165] is DENIED, without prejudice to file an amended motion to stay, within ten (10) days hereof, limited to the facts and law relevant to a determination thereof, **or** to file the proposed Motion to Stay [DE-160], with or without its proposed exhibits, as a public document within three (3) days hereof. *Failure to take either course will result in no action being taken by the court on the proposed Motion to Stay [DE-160]. See* Local Rule 79.2.

SO ORDERED.

This, the 12 day of June, 2012.

JAMES C. FOX
Senior United States District Judge